UNITED STATES of America,
Appellee,

v.

Warren G. JOHNSON, Appellant.

No. 71–1783.

United States Court of Appeals,
Tenth Circuit.

June 14, 1972.

Bruce Green, Muskogee, Okl., for appellant.

Robert D. McDonald, Asst. U. S. Atty. (Richard A. Pyle, U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This is a direct appeal from a conviction of selling and conspiracy to possess and sell non-taxpaid distilled spirits.

Appellant was charged in three counts. In Count One he was charged with selling distilled spirits on August 22, 1970. Count Four charged possession of distilled spirits on October 25, 1970, and Count Eight charged conspiracy to possess and sell non-taxpaid distilled spirits from August 22, 1970, to October 25, 1970. Appellant was acquitted on Count Four.

On October 23, 1970, an affidavit for a warrant to search appellant's residence was filed with the United States Commissioner. The facts therein stated as tending to establish that appellant was concealing non-taxpaid distilled spirits were the following: (1) During the week of August 2, 1970, an Alcohol, Tobacco and Firearms Agent learned from a reliable informant that he had purchased three gallons of whiskey from Mr. Johnson, the whiskey having been concealed in Johnson's garage; (2) that on August 22, 1970, an undercover policeman purchased six gallons of whiskey from Mr. Johnson; (3) that during June 1970, an undercover agent talked with Johnson and learned that Johnson was temporarily out of whiskey but would have some more available for sale in about a week, and that Johnson had recently lost a car and two of his drivers had been arrested; (4) that appellant had been convicted of possession of illicit whiskey in 1962; and (5) that during the week of September 30, 1970, the affiant learned from a reliable informant that Johnson was concealing non-taxpaid distilled spirits in his residence in Boley, Oklahoma. The affidavit was filed three weeks after it was executed and the search was conducted two days later on October 25, 1970. Two agents found one half-gallon of whiskey in a bedroom of appellant's house, another outside in a pickup camper, and a half pint in a closet; these items formed the basis of Count Four, upon which appellant was acquitted, and one of the overt acts in the Count Eight conspiracy charge. A sizeable cache of empty bottles was also discovered which, unrelated to the charge of possession, bears upon the broader conspiracy charge.

Appellant testified that he had been in the whiskey business in the past but had given it up. With regard to the whiskey found in his home pursuant to the warrant he stated that he did not know that it was there, and that his son and some of his friends may have left it there. A Government agent testified as to conversations he had had with appellant during which appellant mentioned that "he had been busted before and that he was a little too smart to be caught anymore."

Appellant asserts two propositions. First, it is urged that the facts relied upon in the affidavit for the warrant were too remote in time to justify a finding of probable cause, citing Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. Secondly, appellant urges that the agent's testimony concerning prior arrests was inadmissible and prejudicial.

■ Regarding the sufficiency of the affidavit the Government argues that the issue is moot because the appellant was not found guilty of possession under Count Four and the jury accordingly would not have relied upon possession as an overt act under the conspiracy charge. Alternatively, it is argued that the affidavit is sufficient in view of the facts in their entirety. Because the fruits of the search had an evidentiary bearing on portions of the indictment under which appellant was convicted as well as on Count Four and the possession element of Count Eight, we cannot agree that the issue is moot. Appellant's argument that the affidavit was insufficient is without merit.

■ It is fundamental that the law of probable cause has been developed in an attempt to prevent the issuance of a search warrant on the basis of vague and uncertain information. It is also fundamental that the element of time is crucial to the concept of probable cause. Here the affidavit in support of the warrant recites activities extending from some time in June to September 30, 1970, the latter date being approximately three weeks before the affidavit was filed. Initially, it should be noted that the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit. Together with the element of time we must consider the nature of the unlawful activity. Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time.

However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.

■■ Bearing in mind both the element of time and the nature of the facts relied upon in the affidavit, the question of probable cause in the case at bar becomes a question of whether or not the Commissioner could have reasonably presumed the likelihood of a continuing violation. The facts supporting such a presumption were more than ample. The Commissioner should have considered all of the elements of probable cause, including the nature of the criminal activity, the length of the activity, and the nature of the property to be seized; probable cause, in turn, should have been contemplated in view of the practical considerations of everyday life. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723. In our opinion, the Commissioner did just that. The affidavits are well within those permitted under Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. The test is one of common sense. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Jones v. Crouse, 447 F.2d 1395 (10th Cir.); United States v. Berry, 423 F.2d 142 (10th Cir.).

■ Appellant also complains of alleged "evidence of other crimes." During the course of the trial Government witnesses twice alluded to appellant's statements to them that he had been "busted" before. One of these remarks was coupled with a statement by appellant that "he was a little too smart to be caught anymore." The other remark was made with reference to appellant's mistrust of white men and his reluctance to sell whiskey to them. Each of the statements was made to an undercover agent conducting a lengthy investigation into the production, sale, and possession of non-taxpaid distilled spirits by at least three persons, including appellant. No objection was made to

the statements at trial except that the events took place before the incidents charged. Thus we do not consider the issue raised only on appeal. The appellant took the stand and related his previous convictions, and some details of his dealings in moonshine whiskey over the years. We find no error.

Affirmed.