755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
MICHAEL D. HOOVER, DEFENDANT-APPELLANT.
 NO. 84-1490
 United States Court of Appeals, Sixth Circuit.
 1/2/85
 
 BEFORE: EDWARDS and JONES, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, Michael D. Hoover, appeals from his conviction, by conditional guilty plea, of possession of marijuana and possession with intent to distribute marijuana. Hoover expressly conditioned his guilty plea upon preserving for review by this Court the question of whether an affidavit establisheed probable cause to believe that appellant's residence contained evidence that he possessed and distributed major quantities of marijuana. We determine that the magistrate did not abuse his discretion in issuing the search warrant.
 
 
 2
 On January 10, 1983, a federal Drug Enforcement Administration (DEA) agent submitted an affidavit for a search warrant to a United States Magistrate. The resulting search warrant authorized a search of appellant Michael Hoover's residence on Laraway Lake Drive for marijuana, cocaine and other evidence of a violation of 21 U.S.C. Sec. 841(a)(1), which concerns manufacture or distribution or possession with intent to manufacture or distribute a controlled substance. The search of Hoover's residence resulted in seizure of marijuana, containers revealing traces of marijuana, a large quantity of plastic baggies and a heat sealer, florescent growing lights, nearly $1900 in cash and a record book. While executing the search warrant, the officers noted a number of containers in the back of a pickup truck parked in the driveway of the residence. The officers obtained a second search warrant and the resulting search of the truck revealed approximately twenty-two pounds of marijuana, books on growing marijuana, and other items.
 
 
 3
 On March 20, 1984, a two-count indictment charged Hoover with possession with intent to distribute marijuana and possession of marijuana. Hoover brought a pretrial motion to suppress the evidence seized pursuant to the searches. He maintained that the affidavit upon which the first warrant was based failed to establish probable cause, rendering the search illegal. Hoover argued for suppression of the evidence seized during the second search as fruit of the first invalid search which provided the basis for the second warrant. The district court denied Hoover's motion. Hoover then conditionally pled guilty to both counts pursuant to Federal of Criminal Procedure 11(a)(2).
 
 
 4
 Hoover asks this Court to reverse the district court's judgment and vacate the sentence imposed on him. He maintains that the DEA agent's affidavit did not establish probable cause to search his residence. The Supreme Court has recently articulated the responsibility of a magistrate when evaluating whether an affidavit establishes probable cause on which to issue a search warrant.
 
 
 5
 The task of the issuing Magistrate is simply to make a practical, commonsense decison whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found at a particular place.
 
 
 6
 Illinois v. Gates, 462 U.S. 213, (1983). See also United States v. McManus, 719 F.2d 1395 (6th Cir. 1983). A magistrate must base determination of probable cause on sufficient information for the exercise of independent judgment rather than merely ratifying the bare conclusions of others. Id. An appellate court must 'conscientiously review the sufficiency of affidavits on which warrants are issued.' Id. 'Once a magistrate has found probable cause and issued a warrant, his judgment is conclusive unless arbitrarily exercised. United States v. Giacalone, 541 F.2d 508 (6th Cir. 1976) (en banc).
 
 
 7
 To establish probable cause, a commonsense reading of the entire affidavit must establish a sufficient relationship connecting the suspected crime, the property to be seized and the place to be searched, so that it is reasonable to seek the evidence in that location. United States v. Flores, 679 F.2d 173 (9th Cir. 1982) cert. denied 459 U.S. 1148 (1983). In the present case, the affidavit must have established this nexus between the suspected crime of manufacturing or distributing marijuana or cocaine, evidence of that crime, and Hoover's residence.
 
 
 8
 According to Hoover, the only evidence in the affidavit which suggested that he had been involved in drug transactions was stale and could not establish probable cause that he was committing a crime in January, 1983. The DEA agent's information describing drug transactions involving Hoover originated at least sixteen months before the warrant was issued. The most recent evidence of drug trafficing was three months old and involved a house which Hoover and his companions had abandoned.
 
 
 9
 It is fundamental that timely information is necessary to establish probable cause. United States v. Johnson, 461 F.2d 285, 287 (10th Cir. 1972). Whether information in an affidait is timely, however, depends upon the particular circumstances of each case. United States v. Hershenow, 680 F.2d 847, 853 (1st Cir. 1982). Where an affidavit contains information pointing to activities of a protracted and continuous nature, a course of conduct, the passage of time alone will not render that information stale. Johnson, 461 F.2d at 287, Hershenow, 680 F.2d at 853; see also Andresen v. Maryland, 427 U.S. 463, 478-79 n.19 (1975), United States v. Harruff, 352 F. Supp. 224, 225 (E.D. Mich. S.D. 1972).
 
 
 10
 In the present case, the affidavit sets forth information indicating that Hoover or his alleged accomplices had been engaged in a continuing drug operation from 1974 through October of 1972, and that the three suspects continued to live together in January, 1983. It was appropriate for the magistrate to consider this information. None of the information regarding Hoover's alleged drug transactions concerned the residence to be searched. As Hoover properly points out, two other houses with which the suspects were associated were under investigation during the years this information concerns, but were not subject to searches. The evidence of Hoover's alleged drug transactions could not independently establish probable cause to search his residence, but must be considered for its corroborative value in relation to evidence linking drug dealing to the location of the search. See United States v. Viegas, 639 F.2d 42, 46 (1st Cir.) cert. denied 451 U.S. 970 (1981).
 
 
 11
 The underlying facts linking Hoover's alleged drug distribution activities to his residence in January, 1983 were LEIN computer printouts which indicated only that he had moved to that address but did not reveal any criminal activity, and the items gathered from a search of the suspects' garbage five days before the search warrant was issued. The garbage contained a 1982 calendar and Paine Webber statements in the name of Hoover's wife, both of which reflected large cash transactions, two slips of paper bearing the notations 'Jimmy D 1/2' and 'Jimmy 1/4,' and 'a quantity of marijuana.'
 
 
 12
 Hoover emphasizes that neither the purposes nor the dates of the cash transactions noted on the calendar were indicated in the affidavit. He maintains that even if this evidence, when joined with other information, supported a belief that Hoover and his accomplices had managed a major drug operation, absent indication that the transactions had occurred following his move to the Laraway Lake Drive address, the evidence most strongly supported a conclusion that the suspects had abandoned their drug distributing business. However also characterizes the two slips of paper as ambiguous at best. The government noted that early January is a time when many people discard calendars and records of the previous year. Where the implications of evidence are equivocal, '[i]t is not necessary that a set of facts eliminate all but one possible explanation in order to establish probable cause so long as the theory advanced in the affidavit appears to be probably correct.' Giacalone, 541 F.2d at 516.
 
 
 13
 Hoover also observes that, according to the Grand Rapids Crime Laboratory Report, the 'quantity of marijuana' found in his garbage was merely a small twig or stem along with a few almost microscopic leaf fragments. He adds that this small amount of marijuana could not reasonably establish probable cause to believe that evidence of possession with intent to distribute marijuana was located in the Laraway Lake Drive residence. A small quantity of marijuana at most suggests the waste product of past personal use, Hoover maintains. While this is a sound position, the marijuana alone does not establish probable cause. The government responds that the crime lab report is not part of the record in this case. Moreover, Hoover did not challenge the affidavit's characterization of 'a quantity of marijuana' as deliberate falsity or reckless disregard for the truth, as required by Franks v. Delaware, 438 U.S. 154, 171 (1978).
 
 
 14
 Hoover also argues that the magistrate improperly considered the opinions and beliefs of the affiant DEA agent. He maintains that to insure that the magistrate makes an independent determination, the affiant must not include conclusions. It is not improper for the affidavit to include the affiant's beliefs and conclusions, provided that it also includes the factual bases for those conclusions so that the magistrate can make an independent determination. United States v. Ventresca, 380 U.S. 102, 109 (1965). In this case the affidavit set forth sufficient underlying facts for the magistrate to exercise independent judgment.
 
 
 15
 We find that the magistrate did not abuse his discretion in this case in issuing the contested search warrant and, therefore, need not consider the applicability of United States v. Leon, ---- U.S. ----, 104 S. Ct. 3405 (1984).
 
 
 16
 For the reasons discussed above, we AFFIRM the district court.