916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harley E. LEVERENZ, Defendant-Appellant.
 No. 90-1386.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1990.*
Decided Oct. 19, 1990.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Harley Leverenz, defendant-appellant, pleaded guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Mr. Leverenz appeals, challenging the district court's denial of his motion to suppress the evidence seized pursuant to a search warrant. We affirm.
 
 
 2
 On June 2, 1989, Court Commissioner Duane H. Polivka issued a warrant to search Mr. Leverenz's mobile home. The warrant was issued on the basis of the affidavit of Kenneth Probyn, an investigator with the Adams County Sheriff's Department. The affidavit provided in pertinent part:
 
 
 3
 1. That the Complainant is an investigator with the Adams County Sheriff's Department and was so employed at all times relevant hereto.
 
 
 4
 2. Complainant bases this complaint on information received from Juneau County Sheriff's Department Detective Kim Strompolis. Complainant personally knows Detective Strompolis of the Juneau County Sheriff's Department and has worked with Detective Strompolis in the past and found his information to be accurate and reliable.
 
 
 5
 3. Complainant knows Detective Strompolis to be routinely involved in drug enforcement over the past 11 years of his employment with the Juneau County Sheriff's Department.
 
 
 6
 4. That on June 2, 1989, Complainant is informed by Detective Strompolis that on June 2, 1989, Strompolis has received direct verbal information from a confidential informant (C.I.) that on May 23, 1989, the C.I. was present at the mobile home of Harley Lavernez [sic] which is located at the above described location in Adams County, and observed [Leverenz] with a white powdery substance which [Leverenz] informed the C.I. was cocaine. At such time and place [Leverenz] provided the C.I. with the substance for consideration to be paid by the C.I. The C.I. further reports that he has observed Harley [Leverenz] in the aforementioned mobile home on more than 12 occasions in the past 6 months to be in possession of a white powdery substance purported by [Leverenz] to be cocaine.
 
 
 7
 5. Further, C.I. reported to Strompolis that C.I. directly observed on each of these several occasions [Leverenz] to store the cocaine in one of two specific locations in the mobile home, to wit: an open area under the bathtub which is accessed by a small cabinet door or the furnace enclosure of the mobile home.
 
 
 8
 6. That Detective Strompolis has reason to believe C.I. because C.I. has provided him with accurate an [sic] reliable information regarding various criminal investigations in Juneau County on approximately 10 different occasions. Detective Strompolis has confirmed certain parts of the information provided by C.I. specified herein confirmed by personal observation that the description and location of the mobile home to be searched.
 
 
 9
 7. That Detective Strompolis has reason to believe C.I. is acquainted with Harley [Leverenz] and reasonably believes that it is necessary for the C.I.'s identity to remain confidential to protect C.I. against retaliation.
 
 
 10
 The warrant authorized a search for drugs, drug paraphernalia and records and items identifying the occupants of the mobile home. A search yielded several bags of a white powdery substance, drug paraphernalia, two firearms and documents identifying the occupants of the mobile home.
 
 
 11
 Mr. Leverenz was charged with one count of possessing cocaine with intent to distribute it in violation of 21 U.S.C. Sec. 841(a)(1) and one count of using and carrying firearms in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1). Mr. Leverenz moved to suppress the evidence seized pursuant to the search warrant. Mr. Leverenz argued, as he does on appeal, that the affidavit in support of the search warrant did not contain facts sufficient to establish probable cause to believe that drugs would be found in his home. In particular, he argued that the affidavit contained hearsay upon hearsay and that the court commissioner could not adequately evaluate the reliability of Detective Strompolis and the confidential informant. Mr. Leverenz also argued that the affidavit was based on stale information since the informant's statements were based on observations that were ten-days old and therefore provided no basis for believing that a search of the mobile home would reveal drugs or drug paraphernalia at the time the warrant issued.
 
 
 12
 The district court, adopting the magistrate's report and recommendation, denied the motion to suppress. The court found that there was a substantial basis for crediting both Detective Strompolis and the confidential informant. The court also concluded that the ten-day delay between the informant's observations and the issuance and execution of the warrant did not make the warrant stale given Mr. Leverenz's apparently continuous and ongoing practice of possessing and storing cocaine in his mobile home. Mr. Leverenz renews these arguments on appeal.
 
 
 13
 We must determine whether the commissioner had a substantial basis for concluding that a search of Leverenz's mobile home would uncover evidence of wrongdoing. See United States v. Griffin, 827 F.2d 1108, 1111 (7th Cir.1987) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). "A search warrant may be issued only if it appears from the complaint or affidavit filed in support of it that there is probable cause to believe that an offense has been committed and that the defendant has committed it." United States v. McNeese, 901 F.2d 585, 592 (7th Cir.1990). To make a showing of probable cause, an affidavit must set forth facts sufficient to cause a reasonably prudent person to believe that a search of the premises will uncover evidence of a crime. Id. In reviewing a commissioner's determination of probable cause, we conscientiously review the sufficiency of the affidavit, but accord the commissioner's determination great deference. Id.
 
 
 14
 First we must consider whether Investigator Probyn's affidavit contained sufficient factual information to support a finding of probable cause. Although Mr. Leverenz acknowledges that a search warrant may be based on an affidavit which contains hearsay, and even one that contains hearsay upon hearsay, see United States v. Carmichael, 489 F.2d 983, 986 (7th Cir.1973), he argues that the affidavit was not sufficient to establish the reliability of either Detective Strompolis or the confidential informant.
 
 
 15
 As for the first level of hearsay, what Investigator Probyn said Detective Strompolis told him, we agree with the district court's determination that the affidavit provided a substantial factual basis for crediting Detective Strompolis. Detective Strompolis is an officer in Juneau County, Wisconsin. He received the informant's tip about illegal activity in Adams County and acting as a liason, communicated this information to Investigator Probyn of Adams County. Detective Strompolis's statements and observations are plainly a reliable basis for a warrant. See United States v. Ventresca, 380 U.S. 102, 111 (1965); United States v. Griffin, 827 F.2d 1108, 1111-12 (7th Cir.1987), cert. denied, 485 U.S. 909 (1988). The affidavit contained factual information that the two had worked together previously and that Detective Strompolis had proved to be an accurate and reliable source of information. The affidavit also recited the fact that Detective Strompolis had been routinely involved in drug enforcement for eleven years. These facts provide a substantial basis for the commissioner's crediting Detective Strompolis's statements as reliable.
 
 
 16
 As for the second level of hearsay, what Detective Strompolis told Investigator Probyn that the confidential informant told him, we also conclude that the district court's determination that the affidavit provided a sufficient factual basis for crediting the confidential informant was not clearly erroneous. The affidavit provided factual information that the informant had provided accurate information to Detective Strompolis on approximately ten occasions. The information the informant provided on June 2, 1989, specified the location and appearance of the mobile home and where Mr. Leverenz hid the drugs, i.e., "an open area under the bathtub which is accessed by a small cabinet door or the furnace enclosure in the mobile home." The informant's statements were based on his personal observations and not merely a rumor circulating in the drug underworld. This, in addition to the informant's specificity in indicating where Mr. Leverenz hid the drugs, is indicative of the informant's reliability. See United States v. Hendrix, 752 F.2d 1226, 1233 (7th Cir.1985) ("An informant's 'explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles a [doubtful informant's] tip to greater weight than might otherwise be the case.' ") (quoting Illinois v. Gates, 462 U.S. 213, 234). Furthermore, Detective Strompolis verified the location and appearance of the mobile home, and he also knew that the informant was acquainted with Mr. Leverenz.
 
 
 17
 Also indicative of the informant's reliability is the fact that by informing on Mr. Leverenz, the informant was implicating himself in criminal activity as well as opening himself up to retaliation. See United States v. Harris, 403 U.S. 573, 583-84 (1970) ("Admissions of a crime ... carry their own indicia of credibility--sufficient at least to support a finding of probable cause to search."); Carmichael, 489 F.2d at 987 (The reliability of an informant "inheres in his statements against interest."). These facts provide a substantial basis for the commissioner's crediting the informant's statements as reliable. We conclude that the affidavit was sufficient to establish probable cause.
 
 
 18
 Mr. Leverenz also contends that the affidavit was based on stale information because the confidential informant observed the cocaine in Mr. Leverenz's mobile home on May 23, 1989, but did not contact Detective Strompolis until ten days later on June 2, 1989. The ten-day delay in this case does not make the information stale. The affidavit recited facts which established that the informant had observed Mr. Leverenz in possession of cocaine in his home on at least twelve occasions over a period of six months. Because the affidavit recounted activity of a protracted and continuous nature, the passage of ten days did not make the information stale. See United States v. Johnson, 461 F.2d 285, 289 (10th Cir.1972).
 
 
 19
 We conclude that the commissioner was justified in relying on the information provided by Detective Strompolis and the confidential informant in support of his finding of probable cause. Accordingly, the order of the district court denying the motion to suppress is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record