UNITED STATES of America

v.

**Bruce Elliott BOONE, Sr., et al., Defendants.**

**Crim. No. 90–108–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 12, 1990.

Charles D. Griffith, Jr., U.S. Atty., Norfolk, Va., for plaintiff.

Martin Thomas, Norfolk, Va., for Bruce Elliott Boone, Sr.

Kenneth B. Wills, Norfolk, Va., for Fernando Cumbo Blow.

Paul Henderson Ray, Virginia Beach, Va., for Garry Copeland.

Edward Reif, Philadelphia, Pa., J. Brian Donnelly, Bobby W. Davis, Virginia Beach, Va., for Samuel Collins, Jr.

MEMORANDUM ORDER

DOUMAR, District Judge.

On or about September 27, 1990, defendants Samuel Collins, Jr., and Bruce Elliott Boone, Sr., were indicted by a Federal Grand Jury sitting in the Eastern District of Virginia. Defendants are two of fourteen defendants charged in a thirty-eight count indictment with various narcotics related offenses, including a conspiracy to sell in excess of one kilogram of heroin, fifty grams of crack and five kilograms of cocaine, from January 1984 up to and including the date of the indictment. A trial by jury is set for December 12, 1990. On December 10, 1990, defendant Collins through counsel filed a pretrial motion to suppress evidence obtained from an allegedly invalid wiretap. Defendant Boone through counsel filed his pretrial motion to suppress on December 11, 1990, moving therein to adopt the memorandum filed by defendant Collins the previous day.[1] For the reasons set out below, defendants' motions to suppress are DENIED.

## OPINION

Defendants argue that the original affidavit supporting the wiretap of the Bazemore and Small telephones (1) lacked probable cause and (2) was based on stale information, thereby mandating the suppression of all telephone calls intercepted pursuant to this first wiretap, as well as all evidence derived therefrom, including the subsequent information used to support a second wiretap order issued by the Court on May 31, 1989.

A finding of sufficient probable cause is required before an order authorizing or approving a wiretap may be issued.[2] "The probable cause required for the issuance of a wiretap order is the same as that which is necessary to obtain the issuance of a search warrant." *United States v. Talbert,* 706 F.2d 464, 467 (4th Cir.1983), *aff'd sub nom., United States v. Caudle,* 758 F.2d 994 (4th Cir.1985). Under fourth amendment principles, probable cause is determined under a "totality of the circumstances" standard, which requires "a probability, not a *prima facie* showing, of criminal activity." *United States v. Forte,* 684 F.Supp. 1288, 1290 (E.D.Pa.1988) (*citing Illinois v. Gates,* 462 U.S. 213, 235, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983)). This same standard governs the issuance of wiretap orders. *United States v. Rowell,* 903 F.2d 899, 902 (2d Cir.1990); *United States v. Fury,* 554 F.2d 522, 530 (2d Cir.1977), *cert. denied,* 436 U.S. 931, 98 S.Ct. 2831, 56 L.Ed.2d 776 (1978). Where such a probability of criminal activity exists, authorization for electronic surveillance should be granted. *Cf. Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

Where information contained in the supporting affidavit for a wiretap order originated with an informant, the court must go one step further in its determination of probable cause by satisfying the standards governing informant testimony enunciated by the Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under *Aguilar,* to support a probable cause determination, an

---

**1.** Although generally this Court looks disfavorably upon motions to adopt motions by codefendants, in the interests of judicial economy only, this Court will GRANT defendant Boone's motion to adopt the memorandum filed by codefendant Collins on December 10, 1990.

**2.** Title 18, United States Code, § 2518(3) states that before an order authorizing or approving wire interception may be granted, the court must determine on the basis of facts submitted by the applicant that:

(a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter;

(b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception;

. . . .

(d) there is probable cause for belief that the facilities from which, or the place where, the wire or oral communications are to be intercepted are being used, or are about to be used in connection with the commission of such offense, or are leased to, listed in the name of, or commonly used by such person.

*Id.*

affidavit based on an informant's information must: (1) demonstrate that the source of the information is reliable and (2) indicate the nature of the underlying circumstances upon which the informant based his conclusions.

▪ Defendants in this case contend that the "facts and circumstances set forth in the Affidavit ... are neither credible, reliable, corroborated, or close enough in time to the request to satisfy any of the probable cause criteria...." *Supplemental Memorandum of Law in Support of Defendant, Samuel Collins, Jr.'s Motion to Suppress*, p.5. Defendants argue that, because there was no information specifically supporting the claims that certain specified individuals had supplied drugs to the informants, there was nothing upon which the Court could have made a finding of probable cause sufficient to uphold the issuance of the wiretap order. Defendant's argument is unpersuasive. The affidavit is replete with references to information relating to narcotics activity which corroborates the information supplied by the confidential informants, several of whom had proven reliable in the past. Telephone toll records, pen registers, automobile registration information from the Department of Motor Vehicles, as well as surveillance data provided by undercover police officers working to infiltrate the alleged conspiracy ring, all serve to corroborate the personal observations of the confidential sources. In addition, the affidavit states that most, if not all, of the information provided by these confidential sources was against these individuals' penal interests. This Court finds this to be evidence of the reliability of the sources of such information.

The affidavit in this case satisfies the standards set forth in *Aguilar* governing the reliability and credibility of informants' information. Furthermore, taken as a whole, the affidavit is sufficient to uphold a finding of probable cause under the "totality of the circumstances" test developed in *Illinois v. Gates.* Therefore, because there was ample probable cause supporting the wiretap order issued by this Court on May 2, 1989, suppression of evidence obtained pursuant to such wiretap is not warranted.

Defendants also contend that the information in the affidavit in support of the wiretap order was stale and therefore insufficient to establish probable cause. This argument is also without merit.

▪ In *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932), the Supreme Court, addressing the issue of the timeliness of information supporting a warrant application, definitively stated that the affiant must show "facts so closely related to the time of issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." *Id.* at 210–211, 53 S.Ct. at 140. In assessing whether the supporting facts have become stale, the court should place great emphasis, not only upon the age of those facts, but also upon the nature of the allegedly unlawful conduct. *United States v. Martino*, 664 F.2d 860, 867 (2d Cir.1981), *cert. denied sub nom., Miller v. United States*, 458 U.S. 1110, 102 S.Ct. 3493, 73 L.Ed.2d 1373 (1982); *see also United States v. Harris*, 482 F.2d 1115, 1119 (3d Cir.1973) ("[t]he question of the staleness of probable cause depends more on the nature of the unlawful activity alleged in the affidavit than the dates and times specified therein"). Where the activity in question is one of a continuous nature, a lapse of time is of less significance. *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972); *see also Martino*, 664 F.2d at 867 ("Where the supporting affidavits present a picture of continuing conduct or an ongoing activity, as contrasted with isolated instances of illegal acts, the passage of time between the last described act and the presentation of the application becomes less significant."). *Cf. Bastida v. Henderson*, 487 F.2d 860, 864 (5th Cir.1973) (in context of search warrant application, court held that where affidavit recites activity indicating protracted or continuous conduct, delay of time is of less importance), *reh'g denied*, 488 F.2d 1055 (5th Cir.1974); *see also United States v. Webster*, 473 F.Supp. 586, 596–97 (D.Md.1979)

(court found staleness claim devoid of merit where conduct under investigation was continuing criminal conspiracy), *aff'd,* 639 F.2d 174 (4th Cir.1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 455 (1982). The staleness issue in conspiracies and operations involving controlled substances have been scrutinized under even less stringent standards. *United States v. Bascaro,* 742 F.2d 1335, 1346 (11th Cir. 1984), *reh'g denied en banc,* 749 F.2d 733 (11th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985). "[N]arcotics conspiracies are the very paradigm of the continuing enterprises for which the courts have relaxed the temporal requirements of non-staleness." *United States v. Feola,* 651 F.Supp. 1068, 1090 (S.D.N.Y.1987), *aff'd mem.,* 875 F.2d 857 (2d Cir.), *cert. denied sub nom., Marin v. United States,* —— U.S. ——, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Tehfe,* 722 F.2d 1114, 1119 (3d Cir.1983) (protracted and continuous activity inherent in drug trafficking operations), *cert. denied sub nom., Sanchez v. United States,* 466 U.S. 904, 104 S.Ct. 1679, 80 L.Ed.2d 154 (1984). The court in *United States v. Kirk,* 534 F.2d 1262 (8th Cir. 1976), *cert. denied,* 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977) held that, because "[t]he activity involved was a continuing criminal conspiracy to distribute heroin," a twenty-one day lapse between the most recent information in the affidavit and the issuance of the wiretap order was not an unreasonable delay warranting suppression. *Id.* at 1274; *see also United States v. Barfield,* 507 F.2d 53 (5th Cir.) (40 day lapse of time did not destroy probable cause), *cert. denied,* 421 U.S. 950, 95 S.Ct. 1684, 44 L.Ed.2d 105 (1975). In *United States v. Rowell,* 903 F.2d 899 (2d Cir. 1990), the Second Circuit held that an 18 month lapse of time between procuring the informants' statements and seeking the wiretap warrant did not render the information stale, due to the continuous nature of the narcotics conspiracy under investigation. *Id.* at 903.

The authorities overwhelmingly indicate that the staleness issue cannot be decided through the mechanical application of a general timetable; rather, it must be decided on the facts of each case. In the case presently before this Court, the affidavit alleged a widespread conspiracy to traffic in controlled substances spanning several years and involving various participants in different locations. The affidavit included information obtained as late as February 1989 and as early as 1987, with reference to one isolated incident occurring on or about August 14, 1985. *Watters' Affidavit in Support of Wiretap Order,* p. 29, para. 34. The affidavit was sworn to on May 2, 1989 and the wiretap order was issued on the same date. The delay between the most recent information and the issuance of the wiretap order was approximately three months. In light of the fact that several weeks may be required to process an application for electronic surveillance, *see United States v. Errera,* 616 F.Supp. 1145, 1151 (D.C.Md.1985); *United States v. Fina,* 405 F.Supp. 267, 274–75 (E.D.Pa.1975), and considering the ongoing nature of the activity for which the wiretap was sought, this Court finds that the information in the affidavit was current enough to establish probable cause.

Accordingly, defendants' motions to suppress are DENIED.

IT IS SO ORDERED.