951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Shirley JACKSON, Appellant.
 No. 91-5135.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1991.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges; and EDGAR, District Judge.*
 
 
 2
 EDGAR, District Judge.
 
 
 3
 This case presents a search and seizure issue. Appellant Jackson ("Jackson") contends that an affidavit for a search warrant was defective and insufficient to establish probable cause to search her apartment. Jackson asserts that her judgment of conviction must be reversed and remanded because the district court erred in denying her motion to suppress the incriminating evidence seized as a result of the execution of the search warrant. We AFFIRM the judgment of conviction.
 
 
 4
 On November 12, 1988, a police officer submitted his affidavit for a search warrant to the General Sessions Court in Shelby County, Tennessee, which stated in relevant part:
 
 
 5
 Personally appeared before me, H.D. Williams and made oath that he has good ground and belief, and does believe that a female black, approximately 32 years old, 5'6", 160 lbs., medium complexion, with the first name of Shirley, with blond tinted hair, is/are in possession of the following described property, to wit: cocaine ... upon the following described premises, to wit: an apartment complex more commonly known as 1736 # 2 Baroness, the same being located in Memphis, Shelby County, Tennessee and his reasons for such belief are that affiant has on November 12, 1988, the affiant talked with a reliable informant of Memphis, Shelby County, Tennessee who has given the affiant other information in the past which has been found to be true and correct and which has resulted in several narcotic arrests and drug seizures. This reliable informant has been inside the above described apartment and has seen the above described person storing and selling cocaine inside this apartment.
 
 
 6
 He therefore asks that a warrant issue to search the person and premises ... where he believes said cocaine is/are now possessed, contrary to the Laws of Tennessee.
 
 
 7
 Based on this affidavit, the state judge issued a search warrant. When the police executed the warrant, they found cocaine inside Jackson's apartment. Jackson was indicted by a Federal Grand Jury along with two co-defendants for aiding and abetting one another to possess 51 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).
 
 
 8
 Jackson filed a pretrial motion to suppress, as evidence, the cocaine seized pursuant to the warrant. Jackson argued that the affidavit for the search warrant was defective and insufficient to support a finding of probable cause under the Fourth Amendment of the United States Constitution because the affidavit makes no reference to the date or time when the informant was alleged to have seen cocaine inside the apartment. In denying the motion to suppress, the district court determined that the affidavit, when viewed in its entirety, was not fatally defective. While noting that it would have been a better practice for the affiant to have included the date and time when the informant actually observed the cocaine in the apartment, the district court, citing United States v. Smith, 783 F.2d 648 (6th Cir.1986), found that this defect was not sufficient to justify granting the motion to suppress.
 
 
 9
 We will forego an independent analysis of whether the "totality of the circumstances" justified the state judge in finding probable cause to issue the warrant under Illinois v. Gates, 462 U.S. 213 (1983). Instead, our focus is on the question of whether the police officer acted reasonably and in good faith reliance on the search warrant. United States v. Leon, 468 U.S. 897 (1984). We review this matter de novo. United States v. Simpkins, 914 F.2d 1054, 1057-58 (8th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 997, 112 L.Ed.2d 1081 (1991); United States v. Bowling, 900 F.2d 926, 930 (6th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 109, 112 L.Ed.2d 79 (1990).
 
 
 10
 The Supreme Court in Leon, 468 U.S. 897, held that the suppression of evidence obtained through a search warrant should be ordered on a case-by-case basis and only in those unusual cases where suppression will further the purposes of the judicially created exclusionary rule. The exclusionary rule should not be applied in such a manner as to deter objectively reasonable law enforcement activity. Moreover, the exclusionary rule does not bar the government's use in its case-in-chief of evidence obtained by a police officer who acted in reasonable reliance on a search warrant issued by a neutral, detached judge even though the warrant is ultimately found to be unsupported by probable cause. In Leon, the suppression of evidence on account of a deficient affidavit[1] and the judge's erroneous probable cause determination was found to be inappropriate because the affidavit provided sufficient factual information to create disagreement among thoughtful, competent judges as to the existence of probable cause. Id. at 926.
 
 
 11
 A police officer's reliance on the judge's probable cause determination must be objectively reasonable. Leon outlines four situations where the exclusionary rule still applies to suppress evidence obtained pursuant to a warrant lacking probable cause: (1) where the judge in issuing the warrant is misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing judge wholly abandons his or her judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable or (4) where the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. Id. at 923, 926.
 
 
 12
 None of these four circumstances exist in the present case. Defendant has failed to demonstrate that the actions of the police officer in submitting his affidavit and executing the search warrant were not objectively made in good faith. The affidavit does not lack sufficient indicia of probable cause under the facts and circumstances of this particular case such as to render official belief in the existence of probable cause entirely unreasonable. Although it would indeed have been a better practice for the affidavit to specify the date or time when the informant saw the cocaine in Jackson's apartment, both the police officer-affiant and the state judge who issued the search warrant could have, for example, reasonably and in good faith relied upon this Court's decision in Smith, 783 F.2d at 652, to conclude that the affidavit in question adequately supported a finding of probable cause.
 
 
 13
 There is nothing in the affidavit which indicates the information provided was stale. The affidavit states that the informant had seen the storing and selling of cocaine within the apartment which indicated continuous, ongoing criminal activity and also that the affiant believed cocaine "is/are now possessed" by Jackson in the apartment. An assessment of timeliness and whether information is too stale to establish probable cause depends in substantial part on the nature of the criminal activity. Where the affidavit recites facts indicating continuous, ongoing criminal activity, the passage of time becomes less critical to a finding of probable cause. United States v. Shomo, 786 F.2d 981, 983-84 (10th Cir.1986); United States v. Johnson, 461 F.2d 285, 287 (10th Cir.1972). This is especially true in cases involving the sale and distribution of controlled substances such as cocaine. See, e.g., Simpkins, 914 F.2d at 1059; United States v. Fama, 758 F.2d 834, 838 (2d Cir.1985); United States v. Landis, 726 F.2d 540, 542 (9th Cir.), cert. denied, 467 U.S. 1230 (1984); United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984).
 
 
 14
 The exclusion of seized evidence at trial is an extreme remedy designed to deter improper police conduct. There has been no showing of any police misconduct in this case. If a mistake was made in determining probable cause, it was made by the state court judge who issued the warrant. "Penalizing the officer for the [issuing judge's] error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Leon, 468 U.S. at 921. We do not believe that the affidavit here was so clearly insufficient to support a finding of probable cause as to preclude the officers from reasonably relying in good faith on the warrant and to justify suppression of the evidence seized.
 
 
 15
 Accordingly, the district court's denial of the defendant's motion to suppress and the judgment of conviction are AFFIRMED.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The affidavit in Leon was found to be defective by the lower courts because the information provided by an informant was too stale to support a finding of probable cause. Id. at 685-86