**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cliffton D. BATCHELDER,**
**Defendant-Appellant.**

**No. 86–2441.**

United States Court of Appeals,
Seventh Circuit.

Argued March 3, 1987.

Decided June 15, 1987.

Jon Gray Noll, Springfield, Ill., for defendant-appellant.

J. William Roberts, Asst. U.S. Atty., Gerald D. Fines, U.S. Atty., U.S. Attorney's Office, Springfield, Ill., for plaintiff-appellee.

Before WOOD, RIPPLE, and MANION, Circuit Judges.

MANION, Circuit Judge.

On April 30, 1985, a United States magistrate issued a search warrant based on information more than nine months old. Cliffton Batchelder, who was convicted of firearms charges based on evidence seized during the execution of that warrant, argues that this Court should reverse his conviction because the age of the information precluded the magistrate from making a finding of probable cause. Although there may be circumstances in which the age of information may preclude a finding of probable cause, we conclude that on the facts of this case the magistrate acted properly in issuing the search warrant.

In the first half of 1984, agents of the Bureau of Alcohol, Tobacco, and Firearms

(ATF) conducted a nationwide investigation directed at various companies engaged in selling parts that could be used to make silencers. After developing sufficient information indicating criminal activity by the companies, the agents obtained a warrant to search their premises. The searches, which were conducted in July 1984, resulted in the seizure of business records which indicated that individuals throughout the country possessed unregistered silencers and machine guns in violation of 26 U.S.C. § 5861. By April 1985, the government had obtained search warrants for 70 of those individuals' residences. The searches resulted in the seizure of 163 silencers and 187 machine guns. In the Northern District of Illinois alone, 21 of those search warrants had been executed, resulting in 19 separate seizures. The business records that supported the issuance of the 21 search warrants in the Northern District of Illinois had an average age of approximately 11 months. Nationwide, the average age of the records supporting the warrants was nine months.

The specific evidence presented to the magistrate in the government's application for a warrant to search Batchelder's residence consisted of an affidavit by ATF Special Agent Michael Van Amburgh. The affidavit contained detailed information concerning the nationwide investigation and stated that a document from S.W.D., Inc., whose records had been seized the previous July, reflected the sale of a silencer parts set for an M–10 pistol to Batchelder at his home address in Normal, Illinois. The document indicated that the set had been shipped on July 18, 1984. The affidavit also described a document dated July 17, 1984, seized from another of the investigated companies, LaVista Armament, which indicated that an M–10 silencer tube had been sent to Batchelder at his home. Agent Van Amburgh in the affidavit stated that during his nine years at ATF, it had been his experience that a person who purchases the components to build a silencer has in his possession an operable silencer. Agent Van Amburgh also stated that his experience indicated that silencers were al-

most always purchased for personal use and were stored in the buyer's residence, usually for a long period of time. Other evidence supporting the issuance of the warrant indicates that the only real issue for the magistrate to decide was whether the supporting information was stale. For example, information obtained in March 1985 from the Illinois Secretary of State's office and the U.S. Postal Service indicated that Batchelder still resided at the home where the component parts had been sent. In addition, a registration check conducted in December 1984 revealed that Batchelder did not have any firearms registered in his name. Based on this information, the magistrate issued the warrant.

■ It is the magistrate's duty to make a "'practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Malsom*, 779 F.2d 1228, 1237 (7th Cir.1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). The age of the information supporting the application for a warrant is a factor that a magistrate should consider. It is, however, only one factor. If other factors indicate that the information is reliable and that the object of the search will still be on the premises, then the magistrate should not hesitate to issue a warrant. *See United States v. Grandstaff*, 813 F.2d 1353, 1357 (9th Cir. 1987) (search warrant based on five-month-old information not stale); *see also United States v. Reyes*, 798 F.2d 380, 382 (10th Cir.1986).

■ In this case, at least three factors convince us that the magistrate acted properly. First, the documents seized in the investigation showed that Batchelder had the component parts of a silencer sent to his home. Second, Agent Van Amburgh's experience, which the magistrate was entitled to take into account, indicated that individuals purchasing components for silencers tend to keep them for extended periods of time for their personal use. Third, 19 of 21 searches executed in the

Northern District of Illinois resulted in seizures even though the information supporting issuance of those warrants was on average older than the information supporting the warrant in Batchelder's case.

Ideally, the government should have applied for a warrant immediately after seizing the business records. Nonetheless, it is understandable, in light of the nationwide scope of this investigation and the numerous business records uncovered, that the searches were not carried out immediately after the evidence was discovered. The magistrate here made a common-sense determination based on the information contained in the application. We agree that despite the age of the business records relied on, there was probable cause justifying the issuance of a warrant.

We have considered the other issues that appellant has raised and conclude that they are entirely lacking in merit and do not require comment.

AFFIRMED.