26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Henry TREUR, Defendant-Appellant.
 No. 93-10465.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1994.
Decided June 2, 1994.
 
 Before: FERGUSON, NOONAN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Treur appeals from his conviction for possession of firearms, in violation of 18 U.S.C. Sec. 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. Sec. 5861(d). He contends that the district court committed reversible error in denying five pretrial motions. We affirm.
 
 I. Motion to Suppress Evidence
 
 3
 Treur contends that (1) the search warrant executed in this case lacked probable cause because the reliability of the informant was not sufficiently established; (2) the warrant was issued on stale information; and (3) the warrant was issued upon false statements, or statements made with reckless disregard for the truth, in the affidavit.
 
 A. Staleness
 1. Firearm Possession
 
 4
 We reject Treur's contention that because the affidavit information that he possessed a firearm was at least twenty days old when the warrant was executed, it was stale.
 
 
 5
 Police officers may infer that the defendant's possession of a firearm is continuing. See United States v. Miles, 772 F.2d 613, 616 (10th Cir.1985) (two-and-a-half week old affidavit information regarding appellant's possession of stolen firearms was neither stale nor vague); United States v. Batchelder, 824 F.2d 563, 564-65 (7th Cir.1987) (nine-month old information that the defendant purchased silencer parts suitable for an M-10 pistol was not stale).
 
 
 6
 The magistrate did not clearly err in issuing the search warrants for Treur's person, place of residence, and automobile, based on twenty-day old information that Treur was seen possessing a firearm.
 
 2. Drug Possession and Trafficking
 
 7
 "With respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity." United States v. Angulo-Lopez, 791 F.2d 1394, 1398 (9th Cir.1986). Thus, the magistrate did not clearly err in finding that the information on Treur' drug activity was not stale.
 
 B. Reliability of Informant
 
 8
 This case is governed by United States v. Miller, 753 F.2d 1475 (9th Cir.1985), where this court held that the magistrate had a substantial basis under the totality of the circumstances to conclude that the informant was sufficiently reliable and that the affidavit in support of a search warrant for firearms and methamphetamine-related evidence was sufficient to show probable cause.
 
 
 9
 Because Agent Bullock's affidavit is similar to the one in Miller, we conclude that the magistrate did not clearly err in finding that Bullock's affidavit was sufficient.
 
 C. False Statements in Affidavit
 
 10
 In this motion and a separate motion to disclose the informant's identity, Treur contends that each of the informant's allegations "is a lie," and that affiant deliberately, or with reckless disregard for the truth, included these false statements in the warrant application without verifying them. He contends that affiant knew or should have known that the informant's statements were unreliable because "the informant was a drug addict who had a recent fight with Treur."
 
 
 11
 Because Treur seeks the identity of an informant whose information was used to obtain the search warrant, rather than of an informant who was a percipient witness to the actual crime of which he was convicted, Treur's claim is governed by United States v. Kiser, 716 F.2d 1268 (9th Cir.1983), which balances the competing interests set forth by the Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978) (a criminal defendant may challenge the truthfulness of factual statements made in an affidavit supporting a search warrant) and Roviaro v. United States, 353 U.S. 53 (1957) (the government has a limited privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law).
 
 
 12
 The district court's December 7, 1992 "Order Re Motion For Disclosure of Informant" correctly sets forth the requirements the defendant must fulfill in order to be granted a Franks hearing. See Kiser at 1271.
 
 
 13
 Kiser requires that the district court hold an in camera hearing when the defendant has made a preliminary showing that the police officer misrepresented information obtained from an informant. Affidavits which challenge "the informants' veracity, but not that of the warrant affiant ... [are] not ... an adequate showing under Franks." Id. at 1272 (emphasis added).
 
 
 14
 Treur's claim fails for two reasons. First, he challenges the informant's, not the affiant's, veracity. Second, he did not make a "detailed offer of proof, preferably in the form of affidavits." Kiser at 1271, citing Franks at 171. He only offered speculative and conclusory allegations. These allegations are not supported by the facts.
 
 II. Motion to Suppress Statements
 
 15
 Treur makes three related contentions. First, he contests the admission into evidence of his statements as to his identity, that he had received prior convictions, and that he had the keys to his garage, because he made them before being given Miranda warnings. Second, he contests the admission into evidence of statements he made after refusing to sign written waiver forms. Third, he contests the admission of all of his statements on the grounds that they were involuntary because he was afraid the agents would arrest his wife and take his son from their custody.
 
 A. Pre-Miranda Statements
 
 16
 Questioning is proper if it is part of the routine gathering of background biographical data. See United States v. Booth, 669 F.2d 1231, 1237, 38 (9th Cir.1981). Bullock's questions about his name and the keys were proper because they were directed toward and were reasonably likely to elicit only information necessary to execute the search warrant.
 
 
 17
 The question about Treur's prior convictions was also not interrogation subject to Miranda. Bullock already knew that the John "Truer" for whom she was looking had at least two prior felony convictions, which she describes in her search warrant affidavit. Thus, the record demonstrates that she asked Treur that question in order to confirm she had the correct "John Truer," a basic biographical data inquiry.
 
 B. Post-Miranda Statements
 
 18
 Treur also contests the admission into evidence of statements he made after refusing to sign written waiver forms.
 
 
 19
 The district court found that Treur understood that he could respond to those questions he wanted to answer, and that he could refuse to answer any questions. The court further found that Treur understood that anything he said could be used against him. Based on these findings, which are supported in the record, we conclude that Treur knowingly and voluntarily waived his Miranda rights.
 
 C. Voluntariness of Statements
 
 20
 Finally, Treur contests the admission into evidence of all of his statements on the grounds that they were involuntary because (1) he was afraid the agents would arrest his wife and take his son from their custody; (2) he was embarrassed because he was in boxer shorts for several minutes while Agent Bullock, a woman, advised him and his wife of their Miranda rights; and (3) Bullock's pre-Miranda question about his prior convictions rendered his post-Miranda responses involuntary.
 
 1. Pre-Miranda Statements
 
 21
 We conclude that the relevant district court findings of fact are supported by Bullock's search warrant affidavit, statement, and declaration, and are not clearly erroneous. These facts show that Treur was not coerced or subject to improper influence such that his statements were not "the product of a rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 208 (1960). Thus, we agree with the district court's conclusion that Treur gave his pre-Miranda statements voluntarily.
 
 2. Post-Miranda Statements
 
 22
 The relevant district court findings of fact are also supported by Bullock's search warrant affidavit, statement, and declaration, and are not clearly erroneous. Thus, we conclude, as the district court did, that there is no evidence that the agents used physical or psychological coercion or improper inducement in order to obtain defendant's statements and that most of defendant's statements resulted from his interjections to questions asked of Mrs. Treur.
 
 III. Motion to Join Counts One and Two
 
 23
 Treur contends that the district court erred in denying his motion to join counts one and two, both alleging that on May 5, 1992, Treur illegally possessed firearms in violation of 18 U.S.C. Sec. 922(g)(1), because the firearms and ammunition alleged in count one were found at the same residence as the shotgun alleged in count two.
 
 
 24
 "[O]ne offense should be charged irrespective of the number of firearms involved 'absent a showing that the firearms were stored or acquired at different times and places.' " United States v. Gann, 732 F.2d 714 (9th Cir.), cert. denied, 469 U.S. 1034 (1984).
 
 
 25
 The government contends that two separate counts are proper because the master bedroom and the garage in a separate building are two different "places." Treur contends that because both the master bedroom of the house and the detached garage/shed are on the same property, they should be considered one "place," such that counts one and two should have been consolidated. Treur thus appears to contend that the court should vacate defendant's conviction under either count one or two.
 
 
 26
 The district court's decision to keep the two counts separate was appropriate. It found that the master bedroom in the house and the detached shed/garage were different places because they were in different structures.
 
 
 27
 Treur's possession of and course of conduct with regard to the firearms and ammunition in his bedroom was sufficiently different in character from his possession and course of conduct with regard to the firearm in the detached garage/shed such that they could serve as the basis for two separate counts in Treur's indictment. We thus affirm the district court's denial of Treur's motion to join Counts One and Two.
 
 
 28
 IV. Motion to Exclude Evidence of Treur's Prior Conviction
 
 
 29
 Where the government seeks to prove only one prior felony conviction, it may prove the circumstances and background of the criminal charge, even though the defendant has stipulated to being a convicted felony. United States v. Daly, 974 F.2d 1215, 1217 (9th Cir.1992). The district court acted well within its discretion in admitting evidence on Treur's prior conviction.
 
 V. Conclusion
 
 30
 The district court's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3