336 So.2d 663 (1976)
Charles BRITTON, Appellant,
v.
STATE of Florida, Appellee.
No. Z-316.
District Court of Appeal of Florida, First District.
August 31, 1976.
*664 H. Randolph Fallin, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
SMITH, Judge.
In Berry v. State,[1] we held "the totality of all of the circumstances" shown gave investigating officers probable cause to arrest and search, without warrants, four occupants of a parked car from which the odor of burning marijuana escaped through an open window. The issue here is application of the "plain smell" principle to dwellings as justification for arrest of those within.
Patrolling a Jacksonville neighborhood to investigate reports of a prowler, officers Hoffecker and Cook approached a house trailer after 10:00 p.m. to warn the occupants. Two automobiles were parked outside. Music could be heard from within. In response to officer Cook's knock on the door, a voice inside inquired "Who is it?" Cook replied, "Police," and appellant Britton opened the door a few inches. Both officers then smelled the emanating odor of burning marijuana. Britton said "Just a minute" and began to close the door, but officer Cook grabbed the door and arrested Britton. After the officers mounted the outside steps and as they crossed the threshold, they saw in the trailer a substantial quantity of marijuana and two other persons, whom they also arrested. Following denial of his motion to suppress the marijuana as evidence, Britton pleaded nolo contendere to possession of the contraband and appealed from the judgment and sentence.
The reasonableness of the marijuana seizure depends on the validity of the arrest, for it was pursuant and incidental to Britton's arrest that the officers mounted the steps and entered the trailer to seize contraband which became visible to them at the threshold. Mixon v. State, 54 So.2d 190 (Fla. 1951); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The State has not urged that the episode is explicable independently of the arrest, as a search based on probable cause and a seizure justified by exigency. In fact, the arrest brought the officers to and across the threshold from which the marijuana was visible, and it is that intrusion which must be justified by the arrest.
Absent a judicial warrant, exigency or other exceptional circumstances, the Fourth Amendment protects and makes effective a citizen's "reasonable expectation of privacy."[2] A warrantless incursion into a citizen's home is therefore subject to our most critical examination. Behind the door of his home a citizen has an expectation of privacy far surpassing his similar interest in his driveway,[3] front porch[4] or other parts of the curtilage. An automobile is not a home, but a man's house trailer is his castle.
Britton's arrest was predicated entirely on the smell of burning marijuana wafting from the trailer. Before his arrest, he was not seen in possession of any marijuana and the officers did not know how much marijuana  one cigarette or more  was in the *665 trailer. They did not know Britton's identity or whether he owned or was merely visiting the house trailer. They did not know how many persons were inside the trailer, nor their identity and relationship to Britton.
The precise issue before us, therefore, is whether Britton's presence at the door of the trailer where marijuana was being smoked was probable cause to believe that he was smoking it. "A defendant has constructive possession of contraband," it is said, "when he has knowledge of its presence coupled with his ability to maintain control over it or reduce it to his physical possession." Porter v. State, 302 So.2d 481, 483 (Fla.App. 3d, 1974); Spataro v. State, 179 So.2d 873, 877 (Fla.App. 2d, 1965). We decline to presume that all inhabitants and guests in a private home are in control and constructive possession of marijuana being smoked by one or merely some of them. Britton's movement to close the door once opened betrayed his consciousness that marijuana was in the place, but hardly was additional evidence of his possession of it. The officers' sense of smell reliably told them that marijuana was being consumed within, but it could not and did not identify Britton or any other occupant as a misdemeanant or felon. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); United States v. Connolly, 479 F.2d 930, 936 (9th Cir.1973):
"Even certain knowledge that contraband is within a dwelling does not constitute probable cause to arrest whoever happens to be inside."
We therefore distinguish Berry v. State, supra, because a greater justification is required for a warrantless intrusion into the privacy of a home than for a similar intrusion into an automobile,[5] and because "the totality of all of the circumstances" in Berry was of an entirely different import. There a car containing four occupants was parked by the road after midnight, when 15 to 20 other persons had been discovered in the area smoking marijuana. The smell of marijuana at the open window gave the officers reason to believe that, as the presence of the car at that time and place was purposeful and the purpose was smoking pot, so also the occupants' presence then and there was for that purpose. A correlation of circumstances in Berry gave rise to probable cause to arrest the occupants. That was lacking here. This seizure was the fruit of Britton's unlawful arrest, and the evidence so taken should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1961).
REVERSED.
RAWLS, Acting C.J., and McCORD, J., concur.
NOTES
[1] 316 So.2d 72, 73 (Fla.App. 1st, 1975).
[2] Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576, 587 (1967) (concurring opinion).
[3] See United States v. Magana, 512 F.2d 1169 (9th Cir.1975), cert. den., 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43.
[4] See State v. Detlefson, 335 So.2d 371 (Fla. App. 1st, 1976).
[5] Preston v. United States, 376 U.S. 364, 366-67, 84 S.Ct. 881, 883, 11 L.Ed.2d 777, 780 (1964); Cooper v. Calif., 386 U.S. 58, 59, 87 S.Ct. 788, 790, 17 L.Ed.2d 730, 732 (1967).