**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4391

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEJANDRO CISNEROS-MAYORAL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-03-225)

Argued: February 2, 2005          Decided: March 29, 2005

Before WILKINSON and KING, Circuit Judges, and Samuel G. WILSON, United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Eric David Placke, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant challenges the district court's application of United States v. Leon, 468 U.S. 897 (1984), to render admissible evidence seized pursuant to a search warrant whose validity on probable cause grounds was later called into doubt. We find no error in the district court's application of Leon and accordingly affirm.

I.

On May 22, 2003, state police officers searched the residence of appellant Alejandro Cisneros-Mayoral in Winston-Salem, North Carolina. Their search was conducted pursuant to a warrant that had been issued by a magistrate earlier that day. In the application for that warrant, a detective with the Winston-Salem Police Department had recounted the events that had cast suspicion on appellant. "During the month of May," the application explained, a "confidential informant" had told the detective that appellant was selling drugs from his home. The detective had visited Cisneros-Mayoral's abode to investigate the tip. At the front door, the detective "smelled a strong odor of freshly cut marijuana coming from the residence." He detected the same smell within the apartment after appellant allowed him to enter. The detective was familiar with the odor, the application stated, because of his extensive police experience. The application

3

neglected to specify which day in May the visit to Cisneros-Mayoral's residence had occurred. It also failed to mention that, shortly before seeking the warrant, the detective had returned to the residence and once more detected the odor of marijuana.

During the search, officers recovered two firearms, one of which had its serial number removed. Appellant admitted that the weapons belonged to him. When pressed about his immigration status later in the investigation, Cisneros-Mayoral conceded to a federal agent that he was present in the United States illegally.

Appellant was indicted for possession of firearms as an illegal alien, see 18 U.S.C § 922(g)(5) (2000), and possession of a firearm from which the manufacturer's serial number had been removed, see § 922(k). He moved to suppress the evidence seized during the search on Fourth Amendment grounds. The district court denied this motion and appellant entered a conditional guilty plea on the first count, reserving the right to appeal the suppression issue. Cisneros-Mayoral now appeals.


                              II.

The district court concluded that, even if the search were unsupported by probable cause, the officers' reliance on the warrant satisfied the good-faith standard of United States v. Leon, 468 U.S. 897 (1984). We review this application of Leon de novo. See United States v. DeQuasie, 373 F.3d 509, 520 (4th Cir. 2004).

4

Under Leon, the fruits of a search conducted pursuant to a warrant -- even a warrant later deemed unsupported by probable cause -- may not be suppressed unless "a reasonably well trained police officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922 n.23. An officer "will have no reasonable grounds for believing that the warrant was properly issued," however, and the fruits of the search will remain subject to suppression, under four conditions that the Leon Court described:

> (1) "the magistrate . . . was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth";

> (2) the magistrate acted as a rubber stamp for the officer and thus "wholly abandoned" his detached and neutral "judicial role";

> (3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or

> (4) the warrant is "so facially deficient -- i.e., in failing to particularize the place to be searched or the things to be seized -- that the executing officers cannot reasonably presume it to be valid."

Id. at 923 (citations omitted); United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002). The foregoing rubric recognizes that, because judicial officers have "no stake in the outcome of particular criminal prosecutions," the prospect of exclusion of evidence "cannot be expected significantly to deter them." Leon, 468 U.S. at 917. By creating a safe harbor for warranted searches,

5

subject to the four enumerated exceptions, <u>Leon</u> promotes law enforcement's reliance on the warrant process and avoids "[p]enalizing the officer for the magistrate's error." <u>Id.</u> at 921.

It is undisputed that the search at issue here occurred pursuant to a duly issued warrant. The fruits of that search will therefore be admissible under <u>Leon</u> unless one of the four exceptions described in the case applies. Appellant concedes that the first exception is inapplicable because there is no indication that the investigating detective included any falsehoods in the warrant application. Appellant contends that the remaining three exceptions set forth in <u>Leon</u> do apply, however, and that the search of his residence was accordingly improper.

Appellant's reliance on <u>Leon</u>'s fourth exception, which concerns a warrant's facial characteristics, is misplaced. In applying that exception, courts have looked to whether the warrant provided the executing officer with sufficient indication of the task required of him. <u>See</u> <u>United States v. Towne</u>, 997 F.2d 537, 549 (9th Cir. 1993). Here, the warrant and attached affidavit plainly identify the place to be searched -- appellant's residence -- and the items sought -- marijuana and associated paraphernalia; indeed, appellant does not claim otherwise.

Cisneros-Mayoral's reliance on <u>Leon</u>'s two remaining exceptions is similarly unavailing. Warrants based on uncorroborated tips from "unknown, unavailable" informants, <u>United States v. Wilhelm</u>,

6

80 F.3d 116, 123 (4th Cir. 1996), may be "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (citation omitted). But here the investigating detective followed up the tip by visiting Cisneros-Mayoral's apartment. His detection of the odor of marijuana there only corroborated the informant's allegation that appellant was using his residence to traffic in narcotics. And the detective's provision of this information to the magistrate elevated the warrant application beyond the "bare bones" status that we have previously condemned, see Wilhelm, 80 F.3d at 121, and supplied the issuing magistrate with adequate information to make a probable cause determination. Indeed, other courts have deemed drug odor sufficiently indicative of criminal activity to support probable cause. See, e.g., United States v. Sweeney, 688 F.2d 1131, 1137-38 (7th Cir. 1982). Mindful of this precedent, we can hardly conclude that the warrant application was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (citation omitted).

Further, there is no indication that the magistrate neglected his proper role as a "detached and neutral" arbiter by acting as a rubber stamp for the police's request. Id. at 921. Rather, the magistrate properly performed his function in the investigative process by assessing the evidence before him and determining

7

probable cause to the best of his ability. Thus, even if we apply hindsight to render this determination incorrect, <u>Leon</u> requires that the fruits of the ensuing search remain admissible.

Appellant protests that, because the application failed to specify the particular date in May of the first visit to his residence, good faith reliance under <u>Leon</u> should be disallowed. However, even if we assume that this visit occurred on the first day of the month, the passage of some three weeks between the visit and the issuance of the warrant would not necessarily render the information gained during this visit stale. We have emphasized that "[t]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." <u>United States v. McCall</u>, 740 F.2d 1331, 1336 (4th Cir. 1984) (quoting <u>United States v. Johnson</u>, 461 F.2d 285, 287 (10th Cir. 1972)). And we have joined several other courts in emphasizing that findings of staleness become less appropriate when the instrumentalities of the alleged illegality tend to be retained, <u>see</u> <u>United States v. Farmer</u>, 370 F.3d 435, 439-40 (4th Cir. 2004), as they do in drug trafficking.

Thus, the district court may well have been correct to conclude that the warrant application would have supported probable cause had the date of the first visit to appellant's residence been specified. At least we cannot conclude that it would be "entirely

unreasonable" for the investigating officers to infer the probable presence of drugs and paraphernalia in appellant's apartment from the detective's visit earlier in the month, even if that visit is deemed to have occurred three weeks prior. In the absence of such a conclusion, however, Leon requires that the fruits of the ensuing search remain admissible. See 468 U.S. at 923.

Finally, Cisneros-Mayoral urges us to fault the detective for neglecting to mention that he had returned to the residence on the same day he sought a warrant and again detected the smell of marijuana. But we have already held that, when an affidavit otherwise satisfies Leon, "a court should not refuse to apply the Leon good faith exception just because the officer fails to include in [the] affidavit all of the information known to him supporting a finding of probable cause." Bynum, 293 F.3d at 198-99. Appellant's argument must therefore fail.

III.

For the foregoing reasons, we find no error in the district court's application of Leon.* The judgment of the district court is therefore

AFFIRMED.

_____

*We therefore find it unnecessary to address appellant's contention that his admissions to the investigating officers were fruits of the poisonous tree.