# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3430

_____

United States of America,        *
                                *

        Appellee,           *

                                  *   Appeal From the United States
    v.                        *   District Court for the
                                  *   Western District of Missouri.

Kenneth L. Richey,         *

                                  *       [UNPUBLISHED]
        Appellant.           *

_____

Submitted: March 14, 2006
Filed:   March 28, 2006

_____

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kenneth L. Richey appeals the district court's[1] denial of his motion to suppress evidence seized in the warrant search of his residence. Richey asserts that probable cause did not exist to issue the warrant because it was based on stale information and misrepresentations by law enforcement, in violation of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

On February 5, 2004, officers searching Richey's residence discovered a methamphetamine lab in his bathroom, and seized methamphetamine and three jars containing a mixture of a substance containing methamphetamine. Richey was subsequently charged by indictment with manufacturing methamphetamine in violation of 21 U.S.C. § 841. He moved to suppress the evidence gleaned from the search. Based on the report and recommendation issued by a magistrate,[2] the district court denied Richey's motion to suppress. Richey then entered a conditional plea of guilty, reserving his right to appeal the denial of his suppression motion.

We review the district court's findings of fact underlying the denial of a motion to suppress for clear error and its conclusions of law de novo. United States v. Riedesel, 987 F.2d 1383, 1387-88 (8th Cir. 1993). This court gives substantial deference to the issuing magistrate's probable cause finding and will "uphold a judicial determination of probable cause if we believe that there was a substantial basis for concluding that a search would uncover evidence of wrongdoing." United States v. Nation, 243 F.3d 467, 469-70 (8th Cir. 2001). A search warrant may only issue upon a judicial determination, based on the totality of the circumstances, that there was a "fair probability" that evidence of a crime would be found at the place to be searched. United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003).

Richey asserts that the affidavit in support of the search warrant application contained misrepresentations. In order to have the alleged misrepresentations omitted, Richey must show by a preponderance of the evidence that the affidavit included a deliberate falsehood or the affiant showed a reckless disregard for the truth. Franks, 438 U.S. at 156. Richey challenges the veracity of Deputy Fugate's statement, that on February 5, 2004, he noticed a strong odor of ether coming from Richey's house. Richey bases his challenge primarily on the wind direction on

---

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

February 5, 2004 (blowing away from the street), and his belief that no odors could have escaped from his home because he had installed an odor filtering system in the bathroom where the methamphetamine lab was located. Fugate, who at that time had worked on approximately 100 methamphetamine lab cases, testified that he noticed the odor of ether while driving by Richey's house, and then got out of the car and walked by the Richey residence to verify that the odor was coming from that house.

Detective Fugate's statement that there was a noticeable odor of ether emanating from Richey's house was corroborated by the sworn testimony of Detectives Shroyer and Chubick. In fact, the ether odor was so strong that the officers cleared the house, opened all of the windows, and ventilated the house with industrial exhaust fans before they conducted the search. The district court credited these statements and we find no error in that determination.

We also find no error in the ultimate conclusion that the warrant established probable cause. Ether is "known to be used in the manufacture of methamphetamine." Kleinholz v. United States, 339 F.3d 674, 667 (8th Cir. 2003) (per curiam). "The smell of ether might alone support a finding of probable cause." Id. (holding that odor of ether combined with an anonymous tip that the house contained a methamphetamine lab was sufficient to establish probable cause). In addition to the ether smell, the warrant included additional evidence that Richey was manufacturing methamphetamine at his residence. Accordingly, we affirm the district court's denial of Richey's motion to suppress.

_____