967 So.2d 312 (2007)
The STATE of Florida, Appellant,
v.
Roberto PEREIRA, Appellee.
Nos. 3D06-634, 3D06-233.
District Court of Appeal of Florida, Third District.
September 26, 2007.
Rehearing Denied November 1, 2007.
Bill McCollum, Attorney General, and Michael E. Hantman and Laura Moszer, Assistant Attorneys General, for appellant.
*313 Robbins, Tunkey, Ross, Amsel, Raben and Waxman, and Benjamin Waxman, Miami, for appellee.
Before GERSTEN, C.J., and SUAREZ, J., and FLETCHER, Senior Judge.
SUAREZ, J.
The State of Florida appeals the trial court's order granting defendant's motion to suppress evidence of marijuana growing in defendant's home found by police pursuant to a search warrant. The trial court found that there was insufficient probable cause based on the evidence in the police affidavit for the judge to have issued the search warrant used to enter the premises. The affidavit in support of the warrant stated that the police and a trained, narcotics-search dog detected the odor of marijuana emanating from the defendant's home while standing in front of and on the front porch of the house. The trial court followed the holding of State v. Rabb, 920 So.2d 1175 (Fla. 4th DCA 2006), review denied, 933 So.2d 522 (Fla.2006), cert. denied, ___ U.S. ___, 127 S.Ct. 665, 166 L.Ed.2d 513 (2006), and held that the dog sniff on the front porch constituted an illegal search and could not be used as evidence of probable cause for the search warrant. The trial court also held that the affidavit contained no evidence independent of the sniff to support probable cause and, therefore, suppressed evidence of the grow. We find there was independent evidence in the affidavit to support probable cause and reverse the trial court's order.
The affidavit of Detective Sacramento states that he and Detective Love of the Miami-Dade Police Department went to the defendant's home based on an anonymous tip that the defendant was growing marijuana in his house. Detective Sacramento walked toward the premises from the sidewalk and, while standing in front of the premises, smelled marijuana. The next day he returned with other officers and a trained, narcotics-search dog. Once again, he smelled a strong odor of marijuana emanating from the premises. Upon approaching the front door of the residence, the canine alerted to the existence of drugs at both the front door and the garage door. Defendant was asked and refused to consent to a search of the premises. The affidavit detailed Detective Sacramento's and the canine's extensive experience and training in detecting narcotics. As a result of the search under the warrant, the detectives found a hydroponics lab growing marijuana in the defendant's house. The defendant moved to suppress this evidence on grounds that the dog sniff to detect marijuana was an illegal search which could not be used as evidence to support probable cause for the warrant. The trial court granted the motion relying, in part, on State v. Rabb, 920 So.2d at 1175 (dog sniff from outside home to detect narcotics inside home uses extra sensory procedure such that violates firm line at door of home protected from intrusion by Fourth Amendment).
The issue presented on appeal is whether there was probable cause for the issuance of the search warrant to justify the search of the defendant's home. The standard of review on the legal issue of probable cause is de novo. The question is whether the information contained in the warrant establishes a reasonable probability that contraband will be found. In Pagan v. State, 830 So.2d 792, 806 (Fla.2002), the court stated:
In determining whether probable cause exists to justify a search, the trial court must make a judgment, based on the totality of the circumstances, as to whether from the information contained in the warrant there is a reasonable probability that contraband will be found at a particular place and time.
*314 The determination is made by examining the four corners of the affidavit. Pagan, 830 So.2d at 806. In examining the four corners of Detective Sacramento's affidavit, the facts show that, independent of the dog sniff, there was sufficient evidence to support the issuance of the warrant. See United States v. Morgan, 160 Fed.Appx. 694 (10th Cir.2005), cert. denied, 547 U.S. 1103, 126 S.Ct. 1894, 164 L.Ed.2d 578 (2006); see also United States v. Richey, 185 Fed.Appx. 539 (8th Cir. 2006); United States v. Cisneros-Mayoral, 129 Fed.Appx. 37 (4th Cir.2005). Detectives Sacramento and Love visited the defendant's premises to corroborate an anonymous tip that marijuana was being cultivated there. Sacramento corroborated the anonymous tip when he walked from the sidewalk toward the premises and smelled the marijuana. To further corroborate his findings, he returned to the scene the following day with other officers and a drug-detecting canine. Again, while standing at the front door of the premises, he and other detectives observed a strong odor of marijuana emanating from the house. The canine alerted to drugs at the front and garage doors of the premises. By contrast, in Rabb, there was no corroboration in the probable cause affidavit of any evidence resulting from surveillance of the house prior to the dog sniff. Rabb, 920 So.2d at 1187. We find that the totality of the evidence in this case, even without evidence of the dog sniff, demonstrates sufficient probable cause to support the issuance of the warrant.
We disagree with the defendant's contention that the officers' detection of the odor of marijuana emanating from the defendant's home while standing on the sidewalk and front porch of the defendant's home is an invasion of the defendant's privacy protected by the Fourth Amendment.[1] Admittedly, there was no evidence that the front yard or porch was enclosed by a fence or any other structure and was, in fact, open to public access. We follow those cases which hold that there is no reasonable expectation of privacy at the entrance to property which is open to the public, including the front porch. See State v. Morsman, 394 So.2d 408 (Fla.1981); State v. E.D.R., 959 So.2d 1225 (Fla. 5th DCA 2007), and cases cited; Ramize v. State, 954 So.2d 754 (Fla. 3d DCA 2007); Potts v. Johnson, 654 So.2d 596 (Fla. 3d DCA 1995); see, e.g., United States v. Cota-Lopez, 104 Fed.Appx. 931 (5th Cir.2004). Compare State v. Rabb, 920 So.2d at 1191.
Because the anonymous tip, coupled with the observations of the detectives, alone, provided sufficient probable cause for the search of the premises, independent of the dog sniff, we reverse the trial court's order granting the motion to suppress.
Reversed and remanded.
NOTES
[1] We find it unnecessary and choose not to address in this case the issue of whether or not the dog sniff was illegal.