CASANUEVA, Judge.
The State of Florida appeals an order granting Idalia Roman’s motion to suppress evidence found during a search of her house. We reverse the suppression order because there was probable cause supporting the issuance of the search warrant and the search was therefore lawful.
The Polk County Sheriffs Office began its investigation in this case when it received information from another law enforcement agency that Ms. Roman’s house was being used to grow marijuana. Detective James Daniel testified that a law enforcement officer with another agency told him that a confidential source specifically mentioned Ms. Roman’s name.
On June 2, 2010, Detective Daniel began conducting surveillance of Ms. Roman’s house. He conducted surveillance on three or four occasions during a twenty-day period, for a total of eight to ten hours. He saw only Ms. Roman and her vehicle at the house during his surveillance. On June 22, he went to the house with Deputy Frometa and Sergeant Edmi-ston. They walked up the driveway and heard humming and moving around coming from the garage.[1] Based on his experience, fans or electronic ballasts would make that type of noise and such sounds are consistent with equipment that is commonly used in marijuana grow operations. Sergeant Edmiston stood on the left side of the house by the garage as Detective Daniel and Deputy Frometa approached the front door.
Sergeant Edmiston testified that she could smell an odor of marijuana coming from the roof area above the garage. She also observed PVC pipes coming out of the side of the garage. She testified that she has seen such apparatus set up in a grow house and that the pipes carry the runoff water from the plants.
Detective Daniel testified that there was a video camera above the front door pointing toward the street and that such surveillance equipment is common in marijuana grow houses. Detective Daniel knocked on the front door, and when Ms. Roman opened the door, he could smell a strong odor of marijuana coming from inside the house. Detective Daniel called Sergeant Edmiston to the front door, and she could also smell marijuana coming from the house.
Detective Daniel asked Ms. Roman for consent to search the house and she declined. He told her that she was not free to go, that he was going to check the house to make sure no one else was in the house for their safety, and that he was going to *924 get a search warrant for the house. Detective Daniel and Sergeant Edmiston then conducted a protective sweep to verify that no one was inside the house. Detective Daniel testified that he was concerned that someone in the house could destroy evidence while he was procuring the search warrant or such person may have access to weapons. During the sweep, they observed marijuana plants in the garage and this information was included in the application for the search warrant. Detective Daniel testified that he intended to apply for a search warrant before conducting the protective sweep.
Ms. Roman was thereafter charged with trafficking in cannabis, possession of al-prazolam, possession of drug paraphernalia, possession of a structure used for trafficking, sale or manufacture of a controlled substance, and trespass and larceny with relation to a utility. She filed a motion to suppress arguing that the protective sweep was an improper warrantless search and that the search warrant was based on evidence found during the sweep.
The trial court suppressed the evidence found in Ms. Roman’s house based on its finding that the detectives entered the house during the improper protective sweep, and without the observations made during the sweep, insufficient probable cause existed to justify the issuance of the search warrant. See State v. Rabb, 920 So.2d 1175, 1187 (Fla. 4th DCA 2006) (“It is axiomatic that evidence resulting from an illegal search cannot be the basis of probable cause supporting a subsequent search warrant.”). We note that in reviewing a trial court’s ruling on a motion to suppress, this court must give deference to the trial court’s factual findings if those findings are supported by competent, substantial evidence, but this court must review the trial court’s ruling of law de novo. Jardines v. State, 73 So.3d 34, 54 (Fla. 2011), cert. granted in part, — U.S.-, 132 S.Ct. 995, 181 L.Ed.2d 726 (2012).
We agree with the trial court that the sweep of Ms. Roman’s house was improper. “[A]bsent exigent circumstances, a warrantless entry to search for weapons or contraband is unconstitutional even when a felony has been committed and there is probable cause to believe that incriminating evidence will be found within.” Payton v. New York, 445 U.S. 573, 587-88, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Detective Daniel testified regarding two possible bases which would support a finding of exigent circumstances: his concern that someone in the house could destroy evidence while he procured the search warrant; and his concern that someone in the house may have access to weapons and pose a threat to law enforcement.
However, Detective Daniel testified that during his surveillance of Ms. Roman’s house, he never observed anyone other than Ms. Roman at the house and only observed her vehicle at the house, indicating that only Ms. Roman occupied the house. Therefore, the trial court correctly found that the sweep of the house was improper based on the concern that evidence may be destroyed because there were no facts supporting an objectively reasonable basis for the belief that someone inside the house could destroy evidence while the warrant was being obtained. See United States v. Rivera, 825 F.2d 152, 156 (7th Cir.1987) (“In determining whether the agents reasonably feared imminent destruction of the evidence, the appropriate inquiry is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured.”).
*925 Similarly, because there was no evidence that the house was occupied, the trial court correctly found that the protective sweep of the house for officer safety was improper as there were no specific and articulable facts supporting a reasonable belief that there was an individual in the house who could pose a danger to law enforcement. See Maryland v. Buie, 494 U.S. 325, 337, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990) (“The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene”).
However, the finding that the initial sweep of the house was improper does not end the analysis. Although law enforcement first observed narcotics in Ms. Roman’s house during the protective sweep of the house and this information was included in the application for the search warrant, the application also included lawfully obtained information which supported the issuance of the warrant. Where a court finds that police unlawfully obtained some of the evidence contained in the application for the search warrant, the court must then determine if there is probable cause to support the issuance of the warrant based on any independent and lawfully obtained evidence. Id. “[T]he court must excise the invalid allegations from the affidavit and determine whether sufficient valid allegations remain to support a finding of probable cause.” State v. Hood, 68 So.3d 392, 395 (Fla. 2d DCA 2011).
Here, Detective Daniel, Sergeant Edmiston, and Deputy Frometa lawfully approached Ms. Roman’s house, knocked on the front door, and talked to her. See Jardines, 73 So.3d at 46 (“[Pjolice generally may initiate a ‘knock and talk’ encounter at the front door of a private residence without any prior showing of wrongdoing....”). Detective Daniel testified in the application for the search warrant that when Ms. Roman answered the front door, he immediately smelled marijuana. This was sufficient to establish probable cause.[2]
The present case is similar to State v. Pereira, 967 So.2d 312, 314 (Fla. 3d DCA 2007), where the detective smelled marijuana while walking from the sidewalk toward the house and then, while standing at the front door of the house, the detective noticed a strong odor of marijuana emanating from the house. The Third District held that the totality of the evidence, even without considering evidence of an unlawful dog sniff, established probable cause supporting the issuance of the search warrant. Id. at 314; see also United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir.1991) (“There is no doubt that the agent’s suspicions rose to the level of probable cause when, as the door stood open, he detected what he knew from his law enforcement experience to be the odor of marijuana.”). Cf. Ferrer v. State, — So.3d-,-, 2012 WL 2052775 (Fla. 2d DCA 2012) (holding that plain smell doctrine did not apply where “officers were not in a location where they had a legal right to be when they detected the odor.”).
The trial court found that the smell of marijuana did not rise to the level of probable cause based on the case of Britton v. State, 336 So.2d 663 (Fla. 1st DCA 1976). Britton is distinguishable from the case at bar because police in that case arrested *926 the appellant based on the smell of burning marijuana and thereafter searched his home based on his arrest. In Britton, 836 So.2d at 665, the court held that the appellant was improperly arrested because police did not have any information identifying the appellant as the person smoking the marijuana, and therefore, the arrest and resulting search were improper. No search warrant was issued in Britton. Further, the First District specifically noted that the State did not argue that there was probable cause to search the home or that the search was justified based on the exigent circumstances doctrine. Id. at 664.
In the present case, Detective Daniel’s testimony that he could smell the odor of marijuana coming from inside the house when Ms. Roman opened the front door established the probable cause necessary to support the issuance of the search warrant. Therefore, the trial court erred in granting the motion to suppress.
Reversed and remanded.
WHATLEY and CRENSHAW, JJ., Concur.

. The property did not have a fence.

. Sergeant Edmiston’s observations regarding the smell of marijuana and the PVC pipes were not included in the application for the search warrant.