CORTINAS, J.
This case is before us on remand from the Supreme Court of Florida, which quashed this Court’s opinion and remanded for reconsideration in light of Jardines v. State, 73 So.3d 34 (Fla.2011), ajfd, — U.S.-, 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013). See Arias v. State, 90 So.3d 269 (Fla.2012). We affirm.
Detective Donnelly received an anonymous “crime stoppers” tip regarding a suspected marijuana grow house. Detective Donnelly went to the home with Sergeant Ramirez, Detective Valdez, and Detective Valdez’s drug detecting dog, “Babe,” in order to conduct surveillance and obtain consent to search through employing the *74 “knock and talk” procedure. Detective Donnelly noticed that there were three cars parked in the driveway, all of the blinds were closed, and the air conditioning was running continuously without recycling. As the three officers approached, Detective Donnelly smelled the odor of live marijuana. Detective Valdez did not. Babe alerted to the odor of marijuana when they approached the front door, and Detective Valdez gave a “thumbs up” to notify Detective Donnelly that Babe had alerted. Either before or after the alert, Detective Donnelly knocked on the door, but there was no answer. Detective Don-nelly submitted an affidavit for a search warrant, which a magistrate judge later issued.
The subsequent search of Arias’ home revealed that it was operating as marijuana grow house, and Arias was arrested and charged with trafficking in cannabis. After a hearing, the trial court entered a detailed order denying Arias’ motion to suppress. Arias pled guilty and reserved his right to appeal the denial of his motion to suppress.
Based on the Florida Supreme Court’s holding in Jardines, the dog sniff in the instant case was an illegal search. However, the trial court, in denying Arias’ motion to suppress, did not rely on the dog sniff. The trial court found that there was independent evidence in the affidavit to support probable cause:
[E]ven if the dog alert to the drugs is eliminated from the probable cause affidavit, there is sufficient probable cause for the issuance of the warrant. In addition to smelling the live marijuana plants, the affidavit sets forth that Detective Donnelly observed that there were three vehicles in the driveway, the blinds were closed on the windows, and the air conditioning unit on the east side of the residence was continuously running without recycling.
Arias argues that Detective Donnelly’s detection of marijuana odor was influenced by Babe’s alert and thus not independent. See Jardines, 73 So.3d at 55 (noting the trial court’s finding that although there was evidence that the officer also detected the smell of marijuana plants coming from the home, it was only after the drug detection dog had alerted and was, therefore, “only confirming what the detection dog had already revealed”); State v. Rabb, 920 So.2d 1175, 1196 n. 8 (Fla. 4th DCA 2006) (Gross, J., dissenting) (noting the majority’s concern that the dog alert preceded the officers’ detection of the odor of live marijuana). While it is true that the affidavit does not detail whether Detective Donnelly smelled live marijuana before or after Babe alerted,[1] Detective Donnelly testified at the suppression hearing that he smelled live marijuana plants as he was walking up to Arias’ house, prior to Babe making the positive alert. Detective Valdez, who did not smell the odor of live marijuana plants at the time of the knock and talk, testified that Detective Donnelly did not tell him that he smelled marijuana until after he told Detective Donnelly that Babe had made a positive alert. However, Detective Donnelly testified that he kept it to himself so that his fellow officers had the opportunity to do their job independently from one another and because he was focused on conducting the knock and talk procedure.
The trial court found Detective Donnelly’s testimony credible and the two officers’ testimony consistent. The officers’ *75 testimony was consistent because there is no way of knowing when Detective Donnelly smelled the live marijuana other than his testimony as to that fact, which the trial court believed.[2] If believed, Detective Donnelly’s testimony supports the trial court’s ruling. We must defer to the trial court’s express finding of credibility because there is no indication from the record that the trial court should not have found Detective Donnelly to be credible. Ruiz v. State, 50 So.3d 1229,1233 (Fla. 4th DCA 2011).
While an appellate court defers to a trial court’s factual findings, it reviews de novo the application of the law to the facts. Id. at 1231. Detective Donnelly’s detection of the odor of live marijuana, along with noticing three cars in the driveway, the blinds of the home drawn closed, and the air conditioning unit continuously running without recycling, corroborated the anonymous crime stoppers tip that Arias’ home was being used as a grow house. Therefore, the trial court correctly applied the law to the facts of the case when it found that, absent the dog sniff, Detective Don-nelly had sufficient probable cause to procure a warrant.[3] See State v. Roman, 103 So.3d 922, 925-26 (Fla. 2d DCA 2012) (finding that the smell of marijuana through an open door was sufficient probable cause for a warrant); Nieminski v. State, 60 So.3d 521, 523 (Fla. 2d DGA 2011) (finding that the smell of marijuana through a partially opened window coupled with an anonymous tip provided sufficient probable cause for a search warrant); State v. Pereira, 967 So.2d 312 (Fla. 3d DCA 2007) (finding independent evidence in the affidavit to support probable cause because the anonymous ■ tip was corroborated when the detective smelled marijuana while standing in front of the premises, prior to returning the next day with the drug dog). Cf Mesa v. State, 77 So.3d 218, 223 (Fla. 4th DCA 2011) (noting the lack of odor emanating from the home when ruling that the affidavit for search warrant lacked probable cause because only ambiguous factors were presented in the search warrant, such as a humming noise coming from the inside of the home, the air conditioning unit being covered, and FPL records showing abnormal patterns of electrical usage); Rabb, 920 So.2d at 1187 (noting that without the dog sniff, probable cause was lacking because there was no corroboration of the anonymous tip, such as covered windows, high pedestrian traffic, or higher than normal use of electricity).
*76 Because the trial court expressly found that Detective Donnelly smelled live marijuana as he was approaching Arias’ door, prior to Babe making a positive alert, probable cause independent from the illegal search existed, and we must affirm the denial of Arias’ motion to suppress.
Affirmed.

. The affidavit states that the "K-9 did alert to the odor.... "Your Affiant” also detected the smell of live marijuana....”

. There was some discrepancy in the officers' testimony about when exactly Detective Don-nelly knocked on Arias’ front door. Detective Donnelly testified that he knocked on Arias' front door before learning of Babe’s positive alert, while Detective Valdez testified that he gave Detective Donnelly a thumbs up and the knock occurred immediately thereafter. The timing of the knock is not relevant to the issue of whether Detective Donnelly had probable cause to seek a search warrant absent Babe's sniff and alert. Detective Donnelly was permitted to approach Arias' house and conduct a knock and talk absent Babe’s alert or even his own detection of the odor of marijuana. State v. Triana, 979 So.2d 1039, 1043 (Fla. 3d DCA 2008) (holding that the knock and talk procedure is a legitimate investigative procedure that may be initiated without any level of suspicion).

. A finding that independent and lawful probable cause existed is different from a finding that the evidence would have been inevitably discovered, i.e., absent the dog sniff, the officer would have inevitably smelled the marijuana and developed probable cause. See State v. Jardines, 9 So.3d 1, 8-9 (Fla. 3d DCA 2008), rev’d, 73 So.3d 34 (Fla.2011). There is no way to know that the officer’s later detection of marijuana is not in some way tainted by the dog's alert. However, in the instant case, the trial court found that Detective Don-nelly smelled the marijuana before the dog alerted, making the development of probable cause truly independent from Babe’s alert.